**The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated: August 06 2010

Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 10-33640 |
| | ) | |
| Soderberg and Schafer CPAS, LLC, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

## MEMORANDUM OF DECISION

An involuntary Chapter 7 petition was filed against Soderberg and Schafer CPAS, LLC, ("Debtor") by petitioning creditor Edmund Schafer ("Petitioner"). [Doc. # 1]. Debtor has filed its answer contesting the allegations in the petition. Specifically, Debtor denies that Petitioner holds a claim that is not the subject of a bona fide dispute and that Debtor is a person against whom an order for relief may be entered under Title 11. The court held an evidentiary hearing at which joint exhibits were entered into the record and the court heard oral argument as to the parties' respective positions. However, no witness testimony was offered by either party. For the reasons that follow, the court finds that there is no bona fide dispute concerning Petitioner's claim and that Debtor's continued existence as a limited liability company makes it eligible to be a debtor under Title 11.

## BACKGROUND FACTS

On February 5, 2010, after a jury trial, a judgment was entered in the Common Pleas Court of Ottawa County, Ohio, in the amount of $540,000 in favor of Petitioner and against Debtor, which is a limited liability company. [Jt. Ex. A]. Also pursuant to that judgment, the state court ordered that Debtor

"has been dissolved, effective November 5, 2008" and that "the remaining members of [Debtor] are authorized to wind up the affairs of the company." [*Id*. at 2]. Debtor filed a timely appeal of that judgment. [Jt. Ex. B]. A stay of the judgment has not been obtained by Debtor. [*See* Jt. Exs. C & E]. As of July 7, 2010, the records of the office of the Secretary of State for the State of Ohio indicate that Debtor's registration as an Ohio limited liability company, is in "full force and effect." [Jt. Ex. D].

## LAW AND ANALYSIS

### I. Petitioner's Claim Is Not The Subject Of A Bona Fide Dispute

Under § 303 of Title 11, an involuntary case may be commenced only by holders of claims that are not "contingent as to liability or the subject of a bona fide dispute as to liability or amount." 11 U.S.C. § 303(b). The burden rests on the petitioning creditor to establish its qualification under § 303(b). *Riverview Trenton R.R. Co. v. DSC, Ltd. (In re DSC, Ltd.)*, 486 F.3d 940, 944 (6th Cir. 2007). Debtor argues that Petitioner is not qualified to commence this case because its appeal of the unstayed February 5, 2010, state court judgment constitutes a "bona fide dispute" as contemplated in § 303. However, on the facts before it, the court finds that Petitioner's claim is not the subject of such a dispute.

The Bankruptcy Code does not define "bona fide dispute." In *DSC, Ltd.,* the Sixth Circuit addressed the test used to determine whether a claim is subject to a bona fide dispute. The court stated that "Congress has made clear that it 'intended to disqualify a creditor whenever there is any legitimate basis for the debtor not paying the debt, whether that basis is factual or legal" and set forth the following test adopted by the Sixth Circuit Bankruptcy Appellate Panel: "If there is either a genuine issue of material fact that bears upon the debtor's liability, or a meritorious contention as to the application of law to undisputed facts, then the petition must be dismissed."[1] *Id.* at 945 (quoting *Booher Enter. v. Eastown Auto Co. (In re Eastown)*, 215 B.R. 960, 965 (B.A.P. 6th Cir. 1998) (quoting and citing *In re Lough*, 57 B.R. at 997)). The court instructed that, in determining whether a claim is subject to a bona fide dispute, the bankruptcy court must not resolve any genuine issues of fact or law, it must only determine whether such issues exist. *Id.*

The Fifth Circuit described the standard first articulated in *In re Lough* as an "objective standard" and elaborated as follows:

> [T]he petitioning creditor must establish a prima facie case that no bona fide dispute exists. Once this is done, the burden shifts to the debtor to present evidence demonstrating that a bona fide dispute does exist. Because the standard is objective, neither the debtor's

---

[1] Section 303(b) was amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA" or "the Act"), effective October 17, 2005, to make clear that a bona fide dispute may be "as to liability or amount." The test set forth in *In re Eastown* refers only to a genuine issue of material fact that bears upon the debtor's *liability* and is silent as to a genuine issue as to the *amount* of the petitioning creditor's claim. However, *In re Eastown* is a pre-BAPCPA case.

2

subjective intent nor his subjective belief is sufficient to meet this burden. The court's objective is to ascertain whether a dispute that is bona fide exists; the court is not to actually resolve the dispute. This does not mean that the bankruptcy court is totally prohibited from addressing the legal merits of the alleged dispute; indeed, the bankruptcy court may be required to conduct a limited analysis of the legal issues in order to ascertain whether an objective legal basis for the dispute exists.

*Subway Equip. Leasing Corp. v. Sims (In re Sims)*, 994 F.2d 210, 221 (5th Cir. 1993) (quoting *Rimell v. Mark Twain Bank (In re Rimell)*, 946 F.2d 1363, 1365 (8th Cir. 1991)).

This court adopts the methodology set forth in *Sims* and *Rimell*. The court clarifies, however, that the burden shifted to the putative debtor is a burden of production only. The ultimate burden of persuasion rests on the petitioning creditor to establish his qualification under § 303(b). *DSC, Ltd.*, 486 F.3d at 944.

In this case, Petitioner presented evidence that he holds an unstayed state court judgment against Debtor and argues that such a judgment can never be the subject of a bona fide dispute. The logic behind this argument is set forth in *In re Drexler*, 56 B.R. 960 (Bankr. S.D.N.Y. 1986):

> An unstayed judgment as to which an appeal has been taken by the debtor is not the subject of a bona fide dispute. Once entered, an unstayed final judgment may be enforced in accordance with its terms and with applicable law or rules, even though an appeal is pending. The filing of an involuntary petition is but one of many means by which a judgment creditor may seek to attempt collection of something upon its judgment. It would be contrary to the basic principles respecting, and would effect a radical alteration of, the long-standing enforceability of unstayed final judgments to hold that the pendency of the debtor's appeal created a "bona fide dispute" within the meaning of Code § 303.

*Id.* at 967; *see In re AMC Investors, LLC*, 406 B.R. 478, 481 (Bankr. D. Del. 2009) (agreeing with *Drexler*).[2]

While recognizing the general enforceability of unstayed judgments, the Fourth Circuit rejected the reasoning in *In re Drexler*, finding that "the text of the Bankruptcy Code establishes no such rule." *Platinum Fin'l Servs. Corp. v. Byrd (In re Byrd)*, 357 F.3d 433, 438 (4th Cir. 2004). The court noted that "the purpose of the 'bona fide dispute' provision is to prevent creditors from using involuntary bankruptcy 'to coerce a debtor to satisfy a judgment even when substantial questions may remain concerning the liability of the debtor." *Id.* The court explained that although unstayed judgments "go a long way toward establishing the absence of a bona fide dispute," such judgments do not guarantee the lack of such a dispute,

---

[2] Other cases cited by Debtor are distinguishable in that they did not address an appealed judgment. *See In re Everett*, 178 B.R. 132, 140 (Bankr. N.D. Ohio 1994) (finding unappealed, unstayed final judgments not subject to bona fide dispute); *Concrete Pumping Serv., Inc. v. King Constr. Co. (In re Concrete Pumping Serv., Inc.)*, 943 F.2d 627, 629 (6th Cir. 1991) (stating in dicta that there is no bona fide dispute regarding the debt "since [the petitioning creditor] has already reduced the debt to a judgment" where the only issue before the court was whether the debtor was generally not paying its debts as such debts became due).

3

"especially absent rulings by [state] appellate courts or in the face of contrary rulings by other state trial courts." *Id.* Thus, the court held that a creditor "may not reduce a claim to judgment elsewhere and then automatically seek enforcement in bankruptcy, at least where the judgment to be enforced is pending an appeal that presents substantial factual or legal questions." *Id.* The court further explained, however, that "the mere fact that a judgment is pending appeal does not mean that a bona fide dispute exists, any more than the fact that a state court has rendered judgment means that a bona fide dispute does not exist." *Id.* at 439.

Similarly, in *In re Henry S. Miller Commercial, LLC,* 418 B.R. 912 (Bankr. N.D. Tex. 2009), the court held that an unstayed judgment creates a rebuttable presumption of no bona fide dispute but does not preclude further inquiry into whether such a dispute exists. *Id.* at 921. The court found that courts concluding that an unstayed judgment, even if on appeal, is not a claim that is the subject of a bona fide dispute "conflate the concept of 'enforceable judgment' with the concept of there being a claim that is not subject to a bona fide dispute." *Id.* at 920. It too emphasized, however, that "[a]n appeal alone does not create a bona fide dispute." The court stated that some other objective circumstance must be shown that could give rise to a bona fide dispute as to liability or amount. *Id*. at 921. Other circumstances could include, for example, such things as a default judgment where facts were not actually litigated; a judgment inadvertently entered against a non-party; subsequent events that cast doubt upon the judgment's enforceability, such as payment of the judgment debt or posting of a bond; or an intervening change in the law. *Id.* 921-22.

The court finds the reasoning in *Byrd* and *In re Henry S. Miller Commercial, LLC*, persuasive. Petitioner presented evidence that he holds an unstayed judgment against Debtor. While not conclusive of the issue, this evidence creates a rebuttable presumption that his claim is not the subject of a bona fide dispute. It was then incumbent upon Debtor to present evidence demonstrating such a dispute. The only evidence offered was the notice of Debtor's cross-appeal filed in state court and the state court dockets indicating that an appeal has been filed. However, as explained in *Byrd* and *In re Henry S. Miller Commercial, LLC*, the mere fact of an appeal being filed, without more, is insufficient to show the existence of a bona fide dispute. The court concludes, therefore, that Debtor has not met its burden of producing evidence to rebut the presumption that Petitioner's claim is not the subject of a bona fide dispute.

**II. Debtor Is Eligible To Be A Debtor Under The Bankruptcy Code**

Under § 303, "[a]n involuntary case may be commenced . . . only against a person . . that may be a debtor under the chapter under which such case is commenced." Debtor does not dispute the fact that a

limited liability company, which is a hybrid of a corporation and a partnership, is eligible to be a debtor under the Bankruptcy Code. *See In re ICLNDS Notes Acquisition, LLC*, 259 B.R. 289 (Bankr. N.D. Ohio 2001); 11 U.S.C. §109(b) (providing that a "person may be a debtor under chapter 7"); 11 U.S.C. § 101(41) (defining "person" to include a corporation and a partnership); 11 U.S.C. § 101(9) (defining "corporation" to include an "association having a power or privilege that a private corporation . . . possesses" or an "unincorporated company").

Debtor nevertheless argues that it is not eligible to be a debtor under Chapter 7 because it has been judicially dissolved, effective November 5, 2008, pursuant to the February 5, 2010, state court judgment. Petitioner, on the other hand, argues that Debtor has not been dissolved, directing the court to the Ohio Secretary of State's records as of July 7, 2010, indicating that Debtor's registration as a limited liability company is in full force and effect. However, the court need not resolve this issue since it finds that the issue is not whether Debtor has been dissolved but whether it has a continued existence after dissolution. To the extent that it does, its dissolution does not preclude its ability to be a debtor under the Bankruptcy Code. A limited liability company's existence is governed by state law. *See, e.g., Chicago Title & Trust Co. v. Fort-One Thirty-Six Wilcox Bldg. Corp.*, 302 U.S. 120, 124-25 (1937) (stating that "a private corporation in this country can exist only under the express law of the state or sovereignty by which it was created"); *New Haven Radio, Inc. v. Meister (In re Martin-Trigona)*, 760 F.2d 1334 (2d Cir. 1985) (looking to state law to determine whether the dissolution of the debtor corporation deprived the bankruptcy court of jurisdiction over a voluntary Chapter 11 case); *In re Segno Commc'n, Inc.*, 264 B.R. 501, 509-10 (Bankr. N.D. Ill. 2001) (looking to state law to determine whether dissolved corporation was eligible to be a debtor in an involuntary Chapter 7 case).

Under Ohio law, "[a] dissolved limited liability company continues its existence until the winding up of its affairs is completed ." Ohio Rev. Code § 1705.45(A); *cf. Commonwealth Tel. Co. v. Bowers*, 174 Ohio St. 141, 143 (1962) ("A corporation in Ohio continues to exist after a certificate of dissolution has been filed and continues to exist until it has been completely liquidated."). Persons winding up a limited liability company's affairs may, among other things, "[c]ollect the assets of the company and gradually settle and close its business, . . . make reasonable provision for the liabilities of the company," and "[d]o every other act necessary to wind up and liquidate the business and affairs of the company." Ohio Rev. Code § 1705.45(A)(2), (4), & (6). Ohio law specifically provides that dissolution of a limited liability company "does not . . . [p]revent commencement of a proceeding by or against the company in its name." Ohio Rev. Code § 1705.45(B)(2).

Debtor relies only on the fact that it was judicially dissolved and does not contend that its affairs have been completely wound up. Nor does it appear that it could so contend given its appeal in the state court litigation involving Petitioner. *Cf. U.S. v. Adams Bldg. Co., Inc.*, 531 F.2d 342, 345 (6th Cir. 1976) ("Statutes extending the vitality of a dissolved corporation for purposes of suit are remedial in nature and should be given a liberal construction."). As dissolution of a company, without more, does not preclude it from being a debtor under the Bankruptcy Code, the court finds that Debtor is eligible to be a debtor under Chapter 7. *See In re Blackoaks, Inc.*, 116 B.R. 550, 551 (Bankr. N.D. Ohio 1990) (finding "an involuntary petition may be filed against a dissolved corporation"); *In re Zoomaire, Inc.*, 47 B.R. 628, 630 (Bankr. S.D. Ohio 1985) (same) ((citing *In re Thomas*, 78 F.2d 602 (6th Cir.1935)); *see also In re Segno Commc'n, Inc.*, 264 B.R. at 510 (citing cases and rejecting argument that a dissolved corporation could not be forced to wind-up in bankruptcy).

## **CONCLUSION**

For the foregoing reasons, the court finds that Petitioner's claim is not the subject of a bona fide dispute and further finds that this involuntary case was properly commenced against Debtor as it is eligible to be a debtor under Chapter 7. Debtor does not otherwise challenge the involuntary petition, and the court will enter a separate order for relief against Debtor.